# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2013

Lyle W. Cayce
Clerk

No. 11-41165
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANIEL MENDOZA,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-320-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniel Mendoza appeals his jury conviction for conspiracy to possess, with intent to distribute, 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846. He challenges: the district court's denying his motion to suppress inculpatory statements, in Spanish, made during a post-arrest interview, during which he claims he invoked his right to counsel; and the sufficiency of the evidence for his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41165

Regarding those statements, Mendoza commented in Spanish to investigating officers about an attorney, and three translations of the statement were suggested in the district court. Under any of the translations, Mendoza's statement was not sufficiently clear to invoke his right to counsel. *E.g.*, *Davis v. United States*, 512 U.S. 452, 459, 461-62 (1994) (remarking to agents "[m]aybe I should talk to a lawyer" insufficient to require cessation of questioning).

For his sufficiency challenge, Mendoza contends the evidence failed to prove he knowingly participated in the conspiracy. He does not dispute that other evidence proved false his telling agents he had been at a mechanic shop and not the warehouse. Viewing the evidence in the requisite light most favorable to the guilty verdict, a rational juror could have reasonably inferred from Mendoza's concealing his presence at the warehouse: he was aware of marijuana in the boxes of a wall-repair compound at the warehouse; and he knowingly participated in the conspiracy when he helped load those boxes into the tractor-trailer. *E.g.*, *United States v. Elashyi*, 554 F.3d 480, 495 (5th Cir. 2008); *United States v. Diaz-Carreon*, 915 F.2d 951, 954-55 (5th Cir. 1990).

AFFIRMED.